# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3971

_____

United States of America,

    Appellee,

  v.

Donarius Kincaid,

    Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: September 23, 2010
Filed: October 8, 2010

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Donarius Kincaid pleaded guilty to one count of possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871. At sentencing, the district court[1] determined that Kincaid had committed two prior "crimes of violence." U.S. Sentencing Guidelines Manual § 4B1.2(a). Thus, in its application of the U.S. Sentencing Guidelines, the district court determined that the appropriate base offense level was twenty-six. U.S.S.G. § 2K2.1(a)(1). After

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

considering Kincaid's criminal history and adjusting the offense level to twenty-five, the district court imposed a sentence of 120 months' imprisonment, which was within the advisory guideline sentencing range.

The only issue on appeal is whether Kincaid's 2005 conviction for interference with official acts causing bodily injury, in violation of Iowa Code § 719.1(1), is a crime of violence. The district court ruled that it was. We recently held in United States v. Malloy that a conviction for interference with official acts causing bodily injury in violation of section 719.1(1) is a crime of violence pursuant to § 4B1.2(a)(1) of the U.S. Sentencing Guidelines. United States v. Malloy, Nos. 09-2618, 09-2619, 2010 WL 3061922, at *5 (8th Cir. Aug. 6, 2010). Therefore, we affirm the judgment of the district court.

_____